UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARK BURNS,

                Plaintiff,

      -against-                                  9:13-CV-0486 (LEK/CFH)

BRIAN FISCHER, *et al.*,

                Defendants.

**DECISION and ORDER**

**I.    INTRODUCTION**

This *pro se* action under 42 U.S.C. § 1983 comes before the Court on a Report-Recommendation filed February 3, 2014, by the Honorable Christian F. Hummel, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Dkt. No. 34 ("Report-Recommendation"). Judge Hummel recommends that Defendants' Motion to dismiss be granted as to all Defendants in their official capacities and Defendants Brian Fischer ("Fischer") and Teresa Knapp-David ("Knapp-David") in their individual capacities, and denied as to Defendants Schwebler and McGlynn in their individual capacities. Report-Rec. at 11; Dkt. No. 22 ("Motion"). Defendants timely filed Objections. Dkt. No. 35 ("Objections"). For the following reasons, the Report-Recommendation is accepted and adopted in part, and Defendants' Motion to dismiss is granted in part.

**II.    STANDARD OF REVIEW**

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008). A district court also "may receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b)(3).

## III. DISCUSSION

Magistrate Judge Hummel construed the Complaint as alleging that: (1) Plaintiff's First Amendment rights were violated when Defendants Shanley, Martuscello, and Noeth retaliated against him for refusing to act as an informant; (2) Plaintiff's transfer to involuntary protective custody ("IPC") status and confinement in the special housing unit ("SHU") violated his Fourteenth Amendment due process rights; and (3) the conditions of his confinement in the SHU constitute cruel and unusual punishment under the Eighth Amendment. Report-Rec. at 5; Dkt. Nos. 1 ("Complaint"); 1-1 ("Burns Affidavit").[1] Defendants moved to dismiss the claims against Fischer, Knapp-David, Schwebler, and McGlynn based on their lack of personal involvement with the alleged violations. Report-Rec. at 5. Judge Hummel found that Plaintiff's allegation that counselors failed to make daily rounds in the SHU as required by a Department of Corrections and

---

[1] The Court treats the Burns Affidavit as part of the Complaint for the purposes of deciding Defendants' Motion.

2

Community Supervision ("DOCCS") directive sufficiently established the personal involvement of guidance counselors Schwebler and McGlynn. Id. at 10-11.

Defendants object to the recommended denial of their Motion as to Schwebler and McGlynn, arguing that: (1) Plaintiff did not oppose dismissal of Schwebler and McGlynn; (2) the Complaint does not allege that Schwebler and McGlynn were personally involved in the events leading to Plaintiff's transfer to IPC status; (3) the Complaint does not specifically allege that Schwebler and McGlynn were obligated to make daily rounds in the SHU; and (4) failure to make daily rounds as required by SHU directives does not amount to a constitutional violation. Objs. at 1-2.

Although Plaintiff stated in his Response to the Motion that he "does not oppose the dismissal of this action against" Schwebler and McGlynn, Dkt. No. 30 ¶ 8, that does not necessarily justify dismissal, see Cunningham v. Figurilli, 12-CV-0598, 2013 WL 592673, at *2 (N.D.N.Y. Feb. 14, 2013). Rather, when deciding an unopposed motion to dismiss a *pro se* plaintiff's complaint, a court should construe the complaint liberally and interpret it to raise the strongest arguments that it suggests. Id. (citing Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 146 (2d Cir. 2002)). Accordingly, the Court declines to grant the Motion based on Plaintiff's non-opposition.

Turning to Defendants' challenges to the sufficiency of the Complaint, the Court finds that the Complaint fails to sufficiently allege Schwebler and McGlynn's personal involvement in the events underlying Plaintiff's retaliation and due process claims, but does allege personal involvement in the events underlying his Eighth Amendment claim.

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite

3

to an award of damages under § 1983." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). In order to state a prima facie claim under § 1983 for retaliatory conduct, a plaintiff must advance non-conclusory allegations establishing that: (1) the conduct at issue was protected; (2) the defendants took adverse action against the plaintiff; and (3) there was a causal connection between the protected activity and the adverse action—in other words, the protected conduct was a "substantial or motivating factor" in the prison officials' decision to take action against the plaintiff. Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Dillon v. Morano, 497 F.3d 247, 251 (2d Cir. 2007). Although Schwebler and McGlynn's failure to make required daily rounds in the SHU might constitute adverse action, none of Plaintiff's allegations can be construed as alleging a causal connection between that failure and Plaintiff's refusal to act as an informant. The Complaint therefore does not establish Schwebler and McGlynn's direct involvement in the retaliation. See Williams, 781 F.2d at 323. Even where a defendant does not directly participate in the alleged constitutional deprivation, personal involvement may nevertheless be found where a supervisory official is deliberately indifferent to the rights of inmates. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). But nothing in the Complaint indicates that Schwebler and McGlynn were supervisors of the individuals who directly participated in the alleged retaliation, or that Schwebler and McGlynn otherwise had authority to prevent or remedy it. See, e.g., Kregler v. City of New York, 770 F. Supp. 2d 602, 608 (S.D.N.Y. 2011). Accordingly, the Court dismisses the retaliation claim against Schwebler and McGlynn.

Next, Plaintiff alleges that he was transferred to IPC status without constitutionally required due process. Report-Rec. at 5. The allegation that Schwebler and McGlynn failed to make required

daily rounds in the SHU after Plaintiff's transfer does not connect them to the decision to transfer Plaintiff to SHU or to any accompanying procedural failures. Accordingly, Schwebler and McGlynn are entitled to dismissal on this claim, as well.

Finally, Plaintiff alleges that his Eighth Amendment rights were violated by the cruel and unusual conditions in the SHU. Report-Rec. at 5. "To state an Eighth Amendment claim based on conditions of confinement, an inmate must allege that: (1) objectively, the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) subjectively, the defendant official acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks and alteration omitted). Plaintiff has sufficiently alleged that Schwebler and McGlynn were deliberately indifferent to the conditions of his confinement. DOCCS regulations require that "[a] correction counselor will visit the SHU on a daily basis . . . to provide appropriate counseling services. . . . includ[ing] responding to inmate requests, . . . emergency services, and to see each new admission." N.Y. COMP. CODES R. & REGS. tit. 7, § 304.10. Schwebler and McGlynn's alleged failure[2] to provide these services during Plaintiff's confinement in the SHU is sufficient to create an inference that they disregarded known risks to inmate health and safety.[3] See Walker, 717 F.3d at 125. The Complaint therefore

---

[2] Defendants object that Plaintiff has not alleged that Schwebler and McGlynn specifically, as opposed to counselors generally, were obligated to make daily rounds and failed to do so. Objs. at 1-2. However, liberally construed in the light most favorable to Plaintiff, Plaintiff's filings allege that Schwebler and McGlynn, as counselors, were required to make daily rounds, and that they failed to do so. See Burns Aff. ¶¶ 55-56.

[3] Defendants' argument that a failure to follow a DOCCS directive does not rise to the level of a constitutional violation relies on cases discussing the due process requirements of the Fourteenth Amendment, Objs. at 2 (citing Shakur v. Selsky, 391 F.3d 106, 119 (2d Cir. 2004);

5

establishes their direct involvement in the alleged constitutional deprivation, and so the Motion is denied as to this claim.

The Court has reviewed the remainder of the Report-Recommendation for clear error because it was not objected to. Having found no such error, the Court adopts the remainder of the recommendations.

**IV. CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 34) is **APPROVED and ADOPTED in part**, consistent with this Decision and Order; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 22) to dismiss is **GRANTED** as to: (1) all claims against all Defendants in their official capacities; (2) all claims against Defendants Fischer and Knapp-David in their individual capacities; and (3) the First Amendment retaliation and Fourteenth Amendment due process claims against Defendants Schwebler and McGlynn in their individual capacities. Defendants' Motion (Dkt. No. 22) is **DENIED** as to the Eighth Amendment claim against Defendants Schwebler and McGlynn in their individual capacities; and it is further

**ORDERED**, that if Plaintiff wishes to bring his First Amendment retaliation and Fourteenth Amendment due process claims against Defendants Schwebler and McGlynn, he may do so by filing, **within thirty (30) days** of the filing date of this Decision and Order, an amended complaint that remedies the deficiencies identified in this Decision and Order; and it is further

---

Holcomb v. Lykens, 337 F.3d 217, 224 (2d Cir. 2003); Cabassa v. Walker, 2008 U.S. Dist. LEXIS 106119, at *27-28 (N.D.N.Y. June 30, 2008)), and is therefore not pertinent to whether such a failure might indicate deliberate indifference under the Eighth Amendment.

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: April 11, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge