UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARK BURNS,

                              Plaintiff,

        -against-                                            9:13-CV-0486 (LEK/CFH)

DANIEL F. MARTUSCELLO, JR., *et al.*,

                              Defendants.

---

**DECISION and ORDER**

**I.    INTRODUCTION**

This civil rights action comes before the Court following a Report-Recommendation filed on December 18, 2014, by United States Magistrate Judge Christian F. Hummel, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 46 ("Report-Recommendation"). Judge Hummel recommends that Defendants' Motion for summary judgment be denied as to Defendants' affirmative defense of failure to exhaust administrative remedies, and granted with prejudice as to Plaintiff Mark Burns's ("Plaintiff") First, Eighth, and Fourteenth Amendment claims against all Defendants. Report-Rec. Plaintiff timely filed Objections. Dkt. No. 50 ("Objections"). For the following reasons, the Report-Recommendation is adopted in its entirety.

**II.    STANDARD OF REVIEW**

When a party makes a timely objection to a Report-Recommendation, it is the duty of the Court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v.

Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

### III. DISCUSSION

#### A. First Amendment Claim

Plaintiff first objects to Judge Hummel's finding that Plaintiff's refusal to act as a "snitch" for a correctional officer does not amount to protected speech under the First Amendment. Objs. ¶ 5. In support, Plaintiff cites Jackson v. Johnson, 15 F. Supp. 2d 341, 364 (S.D.N.Y. 1998), where the court "assume[d], without deciding, that [the inmate] satisfies the first prong of the test—that he has constitutional rights not to snitch." However, Jackson clearly did not hold that an inmate's refusal to act as an informant constitutes protected activity; it merely "assumed" this aspect of the plaintiff's retaliation claim and proceeded to dismiss the claim based on the absence of a retaliatory motive. Id. at 365. Moreover, subsequent to Jackson, the Second Circuit addressed this issue and found that "neither the Supreme Court nor this Court has ever held that a prisoner enjoys a constitutional right not to become an informant." Allah v. Juchenwioz, 176 F. App'x 187, 189 (2d Cir. 2006) (citing Jackson, 15 F. Supp. 2d at 341 and Watson v. McGinnis, 964 F. Supp. 127 (S.D.N.Y.1997)). Accordingly, Plaintiff's first objection is without merit.

#### B. Eighth Amendment Claim

Plaintiff next argues that Judge Hummel erred in evaluating each of Plaintiff's conditions of confinement allegations individually, rather than "in combination." Objs. ¶ 8. In support, Plaintiff

cites Wilson v. Seiter, 501 U.S. 294, 304 (1991), which held that "[s]ome conditions of confinement may establish an Eight Amendment violation 'in combination' when each would not do so alone." Objs. ¶ 9 (citation omitted). However, Plaintiff's argument fails for two reasons.

First, a careful reading of the Report-Recommendation reveals that Judge Hummel in fact considered Plaintiff's allegations "in combination." See, e.g., Report-Rec. at 18 ("Limitation on time out of cell, time to program, and on exercise and weight lifting, as well as denial of access to niceties such as television and board games, do not amount to constitutional violations, even when considered collectively."); see also id. at 18-19 (noting, in conclusion after addressing each of Plaintiff's claims, that his "allegations" failed to satisfy the objective prong of his conditions of confinement claim).

Second, while Plaintiff is correct that the objective prong of an Eighth Amendment conditions of confinement claim may be met based on cumulative consideration of individual allegations, see Wilson, 501 U.S. at 304, those conditions "must have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise," Davidson v. Murray, 371 F. Supp. 2d 361, 370 (W.D.N.Y. 2005). Plaintiff's only allegations related to a basic human need are his claims that he was not permitted extended recreation, gym programs, and the use of weights. See Dkt. No. 1 ("Complaint") at 5. However, as noted in the Report-Recommendation, Plaintiff does not assert that he was denied access to all forms of exercise. Report-Rec. at 19. Moreover, the restrictions were only temporary, dictated in large part by inclement weather that prevented access to outdoor facilities. Id. These allegations do not amount to a constitutional deprivation of a "human need" sufficient to support a conditions of confinement claim. See Davidson v. Coughlin, 968 F. Supp. 121, 129 (S.D.N.Y. 1997).

### C. Fourteenth Amendment Claims

Plaintiff next objects to Judge Hummel's finding that Plaintiff "failed to demonstrate that he had a protected liberty interest in being free from [Involuntary Protective Custody ("IPC")] confinement." Objs. ¶ 14 (citing Report-Rec. at 24). Plaintiff asserts that his conditions of confinement constituted "atypical and significant hardship" and that the present case is distinguishable from Sandin v. Conner, 515 U.S. 472 (1995), because: Plaintiff's confinement was for eight months, as opposed to thirty days in Sandin; Plaintiff was not placed in IPC because of any misconduct on his part; and the totality of the conditions were punitive in nature, even though Plaintiff was placed in IPC for *his* protection. Objs. ¶¶ 16-17.

Plaintiff is correct that Sandin established that an inmate's segregated confinement must impose an "atypical and significant hardship" to constitute a protected liberty interest under the Fourteenth Amendment. 515 U.S. at 485. However, a careful reading of the Report-Recommendation reveals that Judge Hummel only cited Sandin for a statement of controlling precedent; Judge Hummel did not compare the facts of Sandin with Plaintiff's allegations. See Report-Rec. at 22. Rather, Judge Hummel correctly noted that, consistent with other decisions in this Circuit, Plaintiff's ability to leave his cell for showers, attend programming, and receive visitation did not amount to an atypical and significant hardship. See id. at 23-24 (citing Cody v. Jones, 895 F. Supp. 431 (N.D.N.Y. 1995) and Arce v. Walker, 1398 F.3d 329, 335 (2d Cir. 1998)).

With regard to the eight-month period of Plaintiff's IPC confinement, the Court recognizes that there is no bright-line rule for assessing the duration of segregated confinement, and that it must be considered in a fact-intensive analysis in combination with the other Sandin factors. See Wilkinson v. Austin, 545 U.S. 209, 223 (2005). However, even assuming *arguendo* that Plaintiff

4

has established a protected liberty interest, he has failed to demonstrate that such deprivation occurred without due process of law. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Plaintiff argues that he was denied due process because the IPC hearing officer was biased and cut Plaintiff off at the hearing. See Objs. ¶¶ 18-19. However, Plaintiff does not offer any specific allegations that the hearing officer was biased or prohibited Plaintiff from speaking or questioning witnesses. Rather, a careful examination of the hearing transcript firmly establishes that Plaintiff was afforded ample opportunity to be heard and to call and question witnesses, and provides no indication that the hearing officer ever prevented or limited Plaintiff from speaking. See Dkt. No. 39-16. Therefore, even assuming Plaintiff has established a protected liberty interest, his conclusory allegations regarding the hearing officer's conduct fail to demonstrate that Plaintiff was denied due process of law.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 46) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 39) for summary judgement is **DENIED** as to Defendant's affirmative defense of failure to exhaust administrative remedies, and **GRANTED** with respect to Plaintiff's First, Eighth, and Fourteenth Amendment claims against all Defendants; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: February 10, 2015
Albany, NY

Lawrence E. Kahn
U.S. District Judge